```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

REALBOOK, LLC,

      Plaintiff,

v.                               Case No:  2:24-cv-407-JES-KCD

RSUI INDEMNITY COMPANY,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Remand (Doc. #16) filed on May 31, 2024.  Defendant filed a Response in Opposition (Doc. #170) on June 14, 2024.  For the reasons set forth below, the motion is denied.

*I.*

On January 29, 2024, plaintiff Realbook, LLC (Realbook or plaintiff) filed a Petition for Declaratory Relief (the Petition) (Doc. #6) in Lee County Circuit Court against RSUI Indemnity Company (RSUI or defendant) regarding an insurance policy effective from October 2021 to October 2022 (the Policy) on property on Fort Myers Beach operated as a branch of the United States Postal Service (the Property).  (Id. at ¶¶ 3, 7.)  The state court Petition alleged that on or about September 28, 2022, flooding caused substantial damage to the insured Property, which was owned by Realbook and insured under the Policy.

RSUI inspected the Property and calculated the amount of loss. By letter dated January 5, 2023, RSUI advised Realbook that the amount of loss to the Property's building was $2,586,821.48; that the deductible to be applied to the loss was $500,000; that pursuant to the Policy the building policy limit was $1,772,892; and that after applying the deductible the sum of $1,272,892 was due to plaintiff for the building loss.  (Id. at 16-19.)

By letter dated February 13, 2023, RSUI advised Realbook that it had determined that the applicable building policy limit was $1,790,104. RSUI then calculated the amount due to Realbook by deducting the $500,000 from the building policy limit of $1,790,104.00. This resulted in $1,290,104 being due Realbook for the building loss.  (Id. at 20-21.)

Realbook disputes this calculation, asserting a conflicting view of the rights and obligations under the Policy.  Realbook argues that RSUI's application of the deductible to the building limit, rather than the building loss, is contrary to the terms of the Policy.  Realbook asserts that it suffered damages that greatly exceed the amount calculated by RSUI (Id. at ¶ 27), and that RSUI must pay it at least the full amount of the building coverage, which is $1,790,104.00.  (Id. at ¶ 31.)

RSUI rejected Realbook's position regarding the amount of the loss and refused to pay that full amount.  (Id. at ¶¶ 32-33.) Realbook asserts that RSUI takes the position that it has no

current obligations under the Policy.  (Id. at 34.)  Realbook pointedly seeks no monetary damages (Id. at 37), but only seeks a declaratory judgment pursuant to Fla. Stat. § 86.011 as to its rights under the Policy.  (Id. at 40-49.)

On May 1, 2024, RSUI filed a timely Notice of Removal (Doc. #1) based on the parties' complete diversity of citizenship and plaintiff's allegation that RSUI underpaid Realbook's insurance claim by $500,000.00.  The Notice asserted that federal court had jurisdiction because the state action in the Petition was a civil action which fell under a federal court's original diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  (Id. at ¶ 7.)

Plaintiff now seeks to remand its declaratory judgment action back to state court.  Defendant opposes the request to remand.

*II.*

The basic rule for removal of a state case to federal court is straightforward.  "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed" by the defendant.  28 U.S.C. § 1441(a).  The application of this rule in this case is also straightforward.

Both plaintiff and defendant agree that the declaratory judgment cause of action set forth in the Petition is a civil action for declaratory relief and is proper under Florida law.  (Doc. #16; Doc. #17.)  See Higgins v. State Farm Fire & Cas. Co.,

894 So. 2d 5, 15 (Fla. 2004) ("This question presents the issue of whether chapter 86, Florida Statutes (2003), Florida's declaratory judgments statute, authorizes declaratory judgments as to insurance policy obligations to defend and coverage for indemnity when it is necessary to decide issues of fact in order to determine the declaratory judgment. We conclude that the declaratory judgments statutes do authorize a declaratory judgment action to decide these issues.")

It is also undisputed that a federal district court has original jurisdiction over cases where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs", and the parties are citizens of different States. 28 U.S.C. § 1332(a)(1). "In a declaratory judgment action, '[f]or amount in controversy purposes, the value of ... declaratory relief is the value of the object of the litigation measured from the plaintiff's perspective.'" First Mercury Ins. Co. v. Excellent Computing Distributors, Inc., 648 F. App'x 861, 864 (11th Cir. 2016) (citation omitted). When an insurer seeks a judgment declaring the absence of liability under a policy, or an insured seeks a judgment declaring the presence of liability under a policy, the value of the declaratory relief is the amount of *potential* liability under its policy. See Stonewall Ins. Co. v. Lopez, 544 F.2d 198, 199 (5th Cir. 1976); First Mercury Ins. Co. v. Excellent Computing Distributors, Inc., 648 F. App'x 861, 865

(11th Cir. 2016) (citing Stonewall). It is the "monetary value of the object of the litigation" from plaintiff's perspective. Fastcase, Inc. v. Lawriter, LLC, 907 F.3d 1335, 1342 (11th Cir. 2018).

The amount in controversy in this case is the $500,000 difference between the loss amount calculated by the insurer and the loss amount calculated by the insured. Finally, defendant has factually shown the complete diversity of citizenship of the parties, and plaintiff has not challenged that showing. Thus, the case was properly removed to federal court.

### III.

Realbook nonetheless seeks a remand of the case to state court. Realbook argues that upon removal to federal court, its state-law cause of action must be converted into a federal cause of action under 28 U.S.C. § 2201-2202. Viewed as a *federal* declaratory judgment action, Realbook argues the cause of action is insufficient, resulting in a lack of federal jurisdiction. (Doc. #16 at 5.)

#### A.

"The Declaratory Judgment Act of 1934, now 28 U.S.C. s 2201, 28 U.S.C.A. s 2201, styled 'creation of a remedy,' provides that in a case of actual controversy a competent court may 'declare the rights and other legal relations' of a party 'whether or not further relief is or could be sought.' This is an enabling Act,

which confers a discretion on the courts rather than an absolute right upon the litigant." Pub. Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952).

Realbook's position fails from its inception because there is no requirement that its state-law declaratory judgment action be re-characterized as a federal declaratory judgment action upon removal to federal court. It is indeed correct that certain state-law claims must be recharacterized as federal claims when brought in federal court. But the state-law claims falling within this rule have been limited to certain Employee Retirement Income Security Act (ERISA) claims and certain Labor Management Relations Act (LMRA) claims based on a pre-emption doctrine. Blab T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc., 182 F.3d 851, 855 (11th Cir. 1999). Such complete pre-emption occurs only when "the pre-emptive force of a statute is so 'extraordinary' that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Id. 854. The Supreme Court "displays no enthusiasm to extend the doctrine into areas of law beyond the LMRA and ERISA." Id. at 856.

The Eleventh Circuit has stated that "complete pre-emption occurs only when a federal cause of action features jurisdictional language that closely parallels that of section 301 of the LMRA as well as an express statement within the legislative history that

Congress intends for all related claims to arise under federal law in the same manner as section 301." Id. at 856. Nothing in the Federal Declaratory Judgment Act satisfies these requirements for complete pre-emption of claims brought under a state declaratory judgment act. Realbook has cited no binding authority which requires such complete pre-emption.

**B.**

Even if the declaratory judgment claim must be analyzed under federal standards, the claim clearly satisfies those standards. The Declaratory Judgment Act alone does not provide a basis for jurisdiction, and a claim must satisfy Article III's case-or-controversy requirement "like suits for every other type of remedy." California v. Texas, 593 U.S. 659, 672 (2021). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007). This requires a federal claimant to establish standing by demonstrating that it has "'(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll., 600 U.S. 181, 199

(2023) (quoting <u>Spokeo, Inc. v. Robins</u>, 578 U.S. 330, 338 (2016)). <u>See</u> <u>also</u> <u>Biden v. Nebraska</u>, 143 S. Ct. 2355, 2365 (2023) (an injury in fact means plaintiff has a 'personal stake' in the case). Realbook clearly has standing as an insured who is suing its insurer for underpayment of the amount provided in its insurance policy.

Realbook alleges in the Petition that "[t]he Insurance Company's application of the deductible to the building limit, rather than the building loss as measured, contravenes the terms of the Policy and applicable law" and "Realbook believes the Insurance Company's position is inconsistent with the Policy's Deductible Endorsement, and other terms of the Policy and applicable law." (Doc. #6 at ¶¶ 35.)  RSUI argues that a declaratory judgment is not available under the federal Declaratory Judgment Act because there is no prospective or future injury at issue, as required by the federal statute.  But the Eleventh Circuit has held to the contrary, holding that assessing the proper methodology for calculating "actual case value" under Florida law is a proper subject for a federal declaratory judgment. <u>Signor v. Safeco Ins. Co. of Illinois</u>, 72 F.4th 1223, 1233 (11th Cir. 2023).  More generally, interpretation of an insurance policy's coverage is subject to a federal declaratory action. <u>Travelers Prop. Cas. Co. of Am. v. Talcon Group LLC</u>, 88 F.4th 1371,

1377 (11th Cir. 2023); <u>Snell v. United Specialty Ins. Co.</u>, 102 F.4th 1208, 1217 (11th Cir. 2024).

**C.**

Here, this case was properly removed to federal court pursuant to 28 U.S.C. § 1441(a) without reference to the Federal Declaratory Judgment Act.  But even if its state-law cause of action must be converted into a federal cause of action under 28 U.S.C. § 2201-2202, there is no reason which would preclude removal or require remand.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion for Remand (Doc. #16) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___30th___ day of August 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record